UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAA CONCORD T, INC. DBA CONCORD TOYOTA,<br><br>Plaintiff,<br><br>v.<br><br>TEAMSTERS GENERAL TRUCK DRIVERS, WAREHOUSEMEN, HELPERS AND AUTOMOTIVE EMPLOYEES LOCAL NO. 315,<br><br>Defendant. | Case No.  25-cv-08556-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

This case involves a petition, brought by FAA Concord T, Inc. dba Concord Toyota ("Concord Toyota" or the "Employer"), to vacate a labor arbitration award.  Before the Court is Defendant Teamsters General Truck Drivers, Warehousemen, Helpers and Automotive Employees Local No. 315's (the "Union") motion to dismiss for failure to timely serve the action and for failure to state a claim.  The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 21, 2026, is VACATED.  *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b).  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion to dismiss for the following reasons.

## I.    BACKGROUND

### A.    The Parties and the Collective Bargaining Agreement

Teamsters Local 315 is a labor union that represents a bargaining unit of employees at Concord Toyota, an automobile dealership in Concord, California.  Dkt. No. 1 ("Petition") ¶¶ 3, 4. The bargaining unit is covered by the parties' collective bargaining agreement (the "CBA"). Petition ¶ 2; *see also id.*, Ex. A (CBA).  The CBA is a joint contract with Teamsters Local 315 and

Machinists Automotive Trades District Lodge No. 190 (the "IAM").  Petition, Ex. A.  The CBA was effective January 22, 2022, through January 21, 2025.  Petition ¶ 7; *id.*, Ex. A.

Section 31 of the CBA provides for the resolution of disputes (i.e., grievances) arising under the CBA through a grievance-arbitration procedure.  If the grievance is not resolved by the parties or by a majority decision of a Board of Adjustment, Section 31.6 states that "such dispute maybe referred to an impartial arbitrator whose decision shall be final and binding."  Petition ¶ 8; *id.*, Ex. A at 33 (Dkt. No. 1 at 41).

The CBA also contains a provision regarding paid sick leave.  Petition ¶ 9.  Section 37.1 of the CBA contains the following sick leave provision: "The Employer shall provide sick leave in accordance with California law and local ordinance."  Petition, Ex. A at 35 (Dkt. No. 1 at 43).  At the time that the CBA became effective on January 1, 2022, California sick leave required employers to provide three days of paid sick leave per year.  Petition ¶ 9.  California Labor Code § 246 was amended, effective January 1, 2024, to increase the number of paid sick days to five.  Petition ¶ 10.

### B.    The Grievance

The Union filed a grievance on February 12, 2024, alleging that the Employer had violated Section 37.1 of the parties' CBA, when the Employer denied bargaining unit member Stephen Smith's request for two days of paid sick leave after he had used three days of sick leave.  Petition ¶ 14.  The grievance stated in part:

> On January 26, 27, and 29, Stephen Smith (driver) called in sick for the first time in 2024 and used three (3) days of sick pay.  On February 2 & 3, he was still sick and when he notified the company he was denied the fourth and fifth sick days because he had no more sick days after using a total of three (3) for 2024 thus far.  Instead of his two (2) remaining sick days, he was paid with two vacation days."

Petition ¶ 14.  The grievance requested that the Employer provide Union members with five sick days per year considering the establishment of five days of sick leave per annum in California Labor Code § 246.  Petition ¶ 14.

United States District Court
Northern District of California

The Employer rejected the relief requested in the Union's grievance, and the parties agreed to submit the grievance to binding arbitration. Petition ¶ 15. An arbitration hearing was held on February 12, 2025. Petition ¶ 15.

### C.   The Arbitrator's Award

On July 7, 2025, the parties' jointly-selected arbitrator, Anthony Miller, issued his written Opinion and Award. Petition ¶ 16; *id.*, Ex. B (Dkt. No. 1 at 48-63, "award"). The arbitrator sustained the Union's grievance, finding that Concord Toyota "violated the Collective Bargaining Agreement when, after January 1st, 2024, it failed to provide bargaining unit employees with sick leave in accordance with California law." Petition ¶ 16; *id.*, Ex. B. The arbitrator concluded the following:

> When the Employer refused to adopt a minimum of five days paid sick leave as required by Labor Code section 246, the Employer violated Section 37.1 of the Collective Bargaining Agreement. This decision is based upon both the language of this section and the bargaining history between the parties. . . . It is sufficient to say that for the violation of Section 37.1 of the Collective Bargaining Agreement, the Employer is ordered to provide bargaining unit employees with five days of paid sick leave and to make the employees whole for any losses from January 1, 2024.

Petition, Ex. B at 15-16 (Dkt. No. 1 at 62-63).

### D.   Petition to Vacate the Arbitration Award

The Employer filed this petition to vacate the arbitration award on October 7, 2025. Dkt. No. 1. The Employer also filed a Declaration of Service on October 7, 2025, certifying that Susan K. Garea, the Union's attorney, was served by certified mail on October 7, 2025. *See* Dkt. No. 3.

## II.   DISCUSSION

The Union moves to dismiss the petition under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Dkt. No. 20. The Court takes up the challenge to service under Rule 12(b)(5) first and then turns to the sufficiency of the allegations to vacate the arbitration award under Rule 12(b)(6).

### A.   Rule 12(b)(5) Challenge

The Union moves to dismiss under Rule 12(b)(5) on the basis that the petition was improperly and untimely served. Federal Rule of Civil Procedure 12(b)(5) allows a party to seek

3

dismissal for insufficient service of process, which is a challenge to the mode or method of service of the summons and complaint. *Razavi v. Regis Corp.*, No. 5:15-cv-02574-EJD, 2016 WL 97438, at *2 (N.D. Cal. Jan. 8, 2016). "A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Under the Federal Arbitration Act ("FAA"), "[n]otice of a motion to vacate, modify, or correct an [arbitral] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "The Federal Rules of Civil Procedure apply to FAA proceedings unless the FAA 'provide[s] other procedures.' " *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018) (quoting Fed. R. Civ. P. 81(a)(6)(B)). Significantly, the Ninth Circuit strictly applies the FAA – it held in *Stevens* that a petition to vacate an arbitral award served just one day after the statute's three-month deadline for service failed as untimely. *Id.* at 1252.

Here, the Union argues, based on Federal Rule of Civil Procedure 5(a)(1) and (b), that all papers for service "must be served on every party," and that the October 7, 2025 service on the Union's attorney, Garea, was ineffective to effectuate service because she was not authorized to accept service on behalf of the Union. *See* Dkt. No. 20 at 9-10. The Union argues further that the serving Garea on the last day of the statutory period for service of the petition to vacate arbitral award renders the eventual service on the Union untimely. *Id.* at 10-11. Neither party cites a case in which a respondent challenged service of a petition to confirm or vacate an arbitral award on a party's attorney rather than the responding party. The FAA, however, clearly answers whether service on a party's attorney constitutes effective service: the FAA provides in part, "[n]otice . . . must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *See* 9 U.S.C. § 12. By allowing service "upon the adverse party or his attorney," the FAA provides a governing procedure other than the procedure set forth for service in the Federal Rules. *Stevens*, 911 F.3d at 1252. Indeed, the procedure specified in the FAA, which is strictly interpreted in the Ninth Circuit, allows for timely service of the adverse party's attorney on the final day of the statutory period, as Concord Toyota accomplished here. *See id.* at 1252.

4

Accordingly, the Court finds service of the petition on the Union's attorney timely and DENIES the Union's motion under Rule 12(b)(5).

### B.      Rule 12(b)(6) Challenge

The Court turns to the Union's challenge to the sufficiency of the petition under Rule 12(b)(6).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, it need not accept legally conclusory statements unsupported by factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The court may consider matters that are properly the subject of judicial notice, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced extensively in the complaint and documents that form the basis of the plaintiffs' claims. *See No. 84 Emp'r-Teamster Jt. Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir.

5

2003).  If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment.  *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

### 1.    Legal Standard for Vacating Arbitration Award

The Union argues that the instant petition fails to state a claim for relief because the Employer fails to sufficiently allege grounds for vacatur of the labor arbitration award.  *See* Dkt. No. 20.  The FAA permits any party to apply to a court to confirm, vacate, modify, or correct an arbitration award.  9 U.S.C. § 9.  The grounds for vacatur of arbitration awards "afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures."  *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003).  "The burden of establishing grounds for vacating an arbitration award is on the party seeking it."  *U.S. Life Ins. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).  The Ninth Circuit has recognized only four circumstances in which the vacatur of a labor arbitration award is justified:

> (1) when the award does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him; (3) when the award is contrary to public policy; or (4) when the award is procured by fraud.

*Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016) (quoting *S. Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787, 792-93 (9th Cir.2001)); *see also* 9 U.S.C. § 10(a).  In this case, the Employer advances that the arbitration should be vacated on the first and second bases – that the arbitration award did not draw its essence from the CBA and the arbitrator exceeded his powers, dispensing his own brand of industrial justice.  *See* Petition; *see also* Dkt. No. 21.

### 2.    Grounds for Vacatur

The Employer advances that the arbitrator's award must be vacated because the arbitrator exceeded his powers in three respects: (1) disregarding time limitations established in the CBA's grievance procedure, Petition ¶¶ 20, 32; (2) "adding to the terms of the CBA by finding that Section 37.1 included an intention to apply future changes to the law related to paid sick leave,"

United States District Court
Northern District of California

*id.* ¶ 24; and (3) providing relief to members of a different union who were not parties to the grievance, *id.* ¶ 28.  *See* Dkt. No. 21 at 4.  The Court takes up in turn the legal sufficiency of each of these purported bases to vacate the award.

**a.    Timeliness of Grievance**

The Employer argues that the arbitrator exceeded the bounds of his authority by considering the merits of a grievance submitted after the deadline specified in the CBA.  *See* Dkt. No. 21 at 7-9.  The Ninth Circuit has determined that "timeliness is a procedural question subject to arbitration."  *Toyota of Berkeley v. Auto. Salesman's Union, Local 1095, United Food & Com. Workers Union*, 834 F.2d 751, 754 (9th Cir. 1987).  Further, the Supreme Court has held that " 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."  *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 558 (1964).

Under the CBA, a grievance must be filed within five business days of when the employee or the Union knew of an alleged CBA violation.  Petition, Ex. A at 32 (Dkt. No. 1 at 40).  The Employer claims that the Union was aware that the Employer did not agree with the Union's interpretation of Section 37.1 as of January 31, 2024, when it rejected a request for two additional sick days made by Union member Dorothy Greening.  *See* Petition ¶ 12.  The grievance of Union member Steven Smith, which was the subject of the arbitration and similarly protested the Employer's refusal to pay a Union member five sick days a year, was filed on February 12, 2024.  Petition ¶ 14.  The Employer argues that the Union did not file a grievance within five business days of January 31, 2024, when it learned about the Employer's view regarding the sick leave provision in relation to Greening's grievance, leaving Smith's grievance challenging the same interpretation of the CBA untimely.  *See* Dkt. No. 21 at 5-7.  The Employer's argument in this regard relies entirely on the deductive reasoning that the Union was aware of the Employer's interpretation of Section 37.1's sick leave provision – that the CBA did not incorporate the 2024 amendment to California sick leave law – prior to the filing of the Smith grievance, and such knowledge by the Union precluded its later challenge on behalf of a different member that the California law providing five days of annual sick leave should apply.  The Employer offers no authority or even helpful argument establishing that the resolution of a grievance as to one union

7

member can waive the timeliness of a grievance protesting the Employer's application of the CBA. More relevant to the issue at hand, the Employer fails to cite a single court case in support of its claim that an arbitrator exceeds their authority by finding a grievance was timely filed. The arbitrator carefully analyzed this timeliness argument and rejected it on several grounds. Dkt. No. 1 at 52-57. The Employer ultimately offers nothing more than disagreement with the arbitrator's determination of the procedural issue of the Smith grievance's timeliness, an issue that falls within the arbitrator's authority as a matter of law. *Toyota of Berkeley*, 834 F.2d at 754; *John Wiley & Sons*, 376 U.S. at 558. The arbitrator did not exceed his authority in assessing the timeliness of the grievance, and the award cannot be vacated on that basis.

### b.    Purported Addition of Terms to CBA

"An award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009) (internal quotation marks & citation omitted). "Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (internal quotation marks & citation omitted). "Only if 'the arbitrator act[s] outside the scope of his contractually delegated authority – issuing an award that 'simply reflect[s] [his] own notions of [economic] justice' rather than 'draw[ing] its essence from the contract' – may a court overturn his determination." *Id.* at 569 (quoting *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000)).

Paragraph 37.1 of the CBA provides: "The Employer shall provide sick leave in accordance with California law and local ordinance." *See* Petition, Ex. A at 35 (Dkt. No. 1 at 43). The Petition alleges that "Arbitrator Miller disregarded established tenets of labor law when he added to the terms of the CBA by finding that Section 37.1 included an intention to apply future changes to the law related to paid sick leave." Petition ¶ 32. However, the Employer fails to identify a single term that was added to the CBA to reach the conclusion in the award; rather, the Employer simply disagrees with the Arbitrator's interpretation of the language found in Section

United States District Court
Northern District of California

8

37.1.  Indeed, a review of the arbitration award illuminates how the arbitrator both interpreted the contract provision as written and highlighted the Union's argument that it is the Employer's proposed interpretation which would require the addition of words to the CBA:

> Section 37.1 is simple, straightforward, and direct: "The Employer shall provide sick leave in accordance with California law and local ordinance."  The Union argues that the meaning of this provision could not be clearer – the Employer is required to comply with California law when it comes to sick leave.  While the term "California law" is broad and may be difficult to determine, the law governing sick leave in California is ascertainable.  The Union points out that the Employer, rather than following the plain meaning of this provision, seeks to amend it by adding words "as of 2015."

Petition, Ex. B at 11 (Dkt. No. 1 at 58).  Through this passage and the rest of the analysis, the arbitration award shows careful consideration of the bargaining history and language of the CBA, including how the Employer agreed to refer to "California law" for the limits of sick leave instead of the limitation of three days of paid sick leave originally proposed by the Union. *Id.*  The Employer fails to offer any authority that supports its contention that the arbitrator "dispensed his own brand of industrial justice," and it instead appears to simply disagree with the arbitrator's conclusion.  The Employer thus fails to establish that the arbitrator exceeded the scope of his authority in his thorough interpretation of Section 37.1, and the award cannot be vacated on that basis.

### c.    Exceeding Scope of Authority by Granting Relief to a Separate Union

The Employer claims that the Arbitrator exceed his authority when he "purport[ed] to grant relief . . . to employees who are members of the bargaining unit represented by Machinists Automotive Trades District Lodge No. 190, Machinists Local 1173, [who] were not parties to the grievance, and any remedy entered in favor of such non-parties exceeds the scope of the arbitrator's powers."  Petition ¶ 28.[1]  The Employer does not cite any portion of the arbitration

---

[1] The Court notes that the CBA is a joint contract with Teamsters Local 315 and Machinists Automotive Trades District Lodge No. 190.  Petition, Ex. A.

award that refers to the Machinists Automotive Trades District Lodge No. 190, Machinists Local 1173.  The Court cannot find any such reference in the award.

The parties stipulated to submit the following issue to the Arbitrator: "Did the company violate the collective bargaining agreement when, after January 1st 2024, it failed to provide bargaining unit employees with sick leave in accordance with California law?"  Dkt. No. 1 at 49. The Arbitrator's Award reads, in relevant part:

> I have concluded that the Employer violated the Collective Bargaining Agreement when, after January 1st 2024, it failed to provide bargaining unit employees with sick leave in accordance with California law. The grievance brought by the Union is hereby sustained, and the Employer is ordered to comply with the legal requirement of providing a minimum of five days paid sick leave per year for bargaining unit employees.

Petition, Ex. B at 16 (Dkt. No. 1 at 63).  The remedy imposed exactly tracks the issue submitted to the Arbitrator.  It is difficult to understand the basis for the Employer's argument.  In the absence of any reference to or any relief conferred to the other bargaining unit, the Court cannot find that the award exceeded the arbitrator's authority.  The Employer's allegations cannot establish, as a matter of law, a basis for vacating the Arbitrator's Award.

### C.    Leave to Amend

In its opposition brief, the Employer requests leave to amend.  *See* Dkt. No. 21 at 9. "Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citations omitted).  Courts may deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc."  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (modification in original). The district court need not permit amendment when it would prove futile – that is, when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and

sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks and citation omitted).

Here, the Employer fails to identify any additional facts that it might add to an amended pleading. The Employer's request for leave to amend in fact offers no argument or legal analysis regarding amendment – it instead states in a header, "Petitioner must be granted leave to amend to cure any perceived deficiencies in the Petition," and it proceeds to offer quotes of general Rule 15 principles from case authority. *See* Dkt. No. 21 at 9. But beyond the failure to provide any real argument in favor of how it might amend, the Court finds that the Employer's petition could not be factually amended given the substance of the requested vacatur. The issues identified by the Employer's petition – the timeliness of the grievance, the purported addition of terms to the CBA by the arbitrator, and the purported relief granted beyond the arbitrator's authority – all fail as a matter of law for the reasons stated above. Accordingly, amendment of the Employer's petition to vacate the arbitration award would prove futile.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Union's motion to dismiss for failure to state a basis to vacate the labor arbitration award. The Court finds that further amendment of the petition would prove futile and accordingly **DISMISSES the action with prejudice**. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: May 18, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California